UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06-CV-598

ROY THOMAS STACEY III                                                                    PETITIONER

v.

LARRY CHANDLER, WARDEN                                                              RESPONDENT

**MEMORANDUM OPINION**

Respondent filed a Motion to Dismiss this matter (Docket # 6), and Petitioner responded. (Docket # 10). The matter was referred to Magistrate Judge Dave Whalin, who issued a Findings of Fact and Conclusion of Law and Recommendation. (Docket # 11). Petitioner filed an Objection to Magistrate Judge Whalin's Recommendation. (Docket # 17). No response was filed. The matter is now ripe for adjudication. The Court OVERRULES Petitioner's Objection and ADOPTS the Magistrate's Recommendation.

**BACKGROUND**

This case arises from Petitioner's conviction in Nelson Circuit Court in Kentucky for five counts of third-degree rape, five counts of third-degree sodomy, and one count of being a persistent felony offender in the first degree. These convictions resulted in a sentence of fifteen years. Petitioner did not appeal the conviction. Over three and a half months after the conviction, Petitioner filed a motion to vacate the judgment of conviction pursuant to Kentucky Rule of Criminal Procedure 11.42. He argued that his guilty pleas, and resulting convictions, should be vacated as involuntary because he lacked the mental capacity to plead at the time. Petitioner cited brain injuries suffered in a car accident in 1997, and a psychiatric report supporting the position that he was unable to work and was permanently disabled from day-to-

day functioning. Petitioner claims that he did not know of this report at the time of the entry of judgment and was unable to pursue his rights until recently.

However, Petitioner did appeal the conviction, based on his mental deficiency, throughout the Kentucky state court system. Petitioner does not state any reason for a change of his mental status making him incapable of the pursuit of claims. The Kentucky Court of Appeals reversed his conviction, but the conviction was upheld at the Kentucky Supreme Court with two dissenters. Petitioner now brings an action in habeas corpus before this Court. In the absence of a ruling in Petitioner's favor, Petitioner also seeks leave to appeal. Magistrate Judge Whalin reviewed Petitioner's case, and Respondent's Motion to Dismiss, and ruled in favor of Dismissal. The Magistrate Judge ruled that Petitioner's appeal was untimely. Petitioner seeks to revive his claims by invoking the doctrine of equitable tolling.

## OBJECTIONS TO CONCLUSIONS OF LAW

Petitioner objects to the Magistrate's conclusion of law that Petitioner did not timely file his case before this Court. Petitioner seeks that equitable tolling should still apply. Petitioner makes no further argument in favor of this point than that presented before the Magistrate, and simply contests that he was engaged in pursuing his claims in state court. The Court agrees with the Magistrate's ruling in full, and finds that Petitioner's delay in pursuing this action simply does not meet the high standard required for equitable tolling, regardless of the pursuit of belated claims in state court.

## OBJECTIONS TO FINDINGS OF FACT

Petitioner also argues that he did not receive a notice of evidence of his mental deficiency in time to challenge his conviction within the temporal limitations of the law. The Court agrees with the Magistrate's determination that Petitioner could have pursued his claims much earlier. Furthermore, the evidence presented by Petitioner is insufficient to meet his high burden of showing that he was incapacitated. As the Magistrate's Report states, "a statute of limitations will be tolled by reason of mental illness 'only if the illness in fact prevents the sufferer from managing his affairs.'" *Miller v. Runyon*, 77 F.3d 191 (7th Cir. 1996). Petitioner clearly sought legal redress of his conviction well before now and could have brought this action earlier. Furthermore, Petitioner has not shown that he objectively would be considered disabled through adjudication or institutionalization, as required for equitable tolling. *Bassett v. Sterling Drug Co., Inc.*, 578 F. Supp. 1244, 1248 (S.D. Ohio 1984). In fact, the psychiatric reports acknowledge "mild to moderate" mental difficulties.

## CERTIFICATE OF APPEALABILITY

Petitioner then seeks for this Court to authorize the issuance of a certificate of appealability in this matter. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). As the Magistrate's Report correctly identifies, a certificate of appealability is only appropriate where reasonable jurists could disagree. *Miller -El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner cites to the disagreement of Kentucky state courts as to his mental abilities to show that reasonable jurists could disagree. However, Petitioner misconstrues the issue at hand - whether equitable tolling for a habeas action is

appropriate in light of Petitioner's lack of institutionalization or adjudication of mental incapacity. This issue was not before the Kentucky state courts, and this Court finds that reasonable jurists could not disagree on the matter. Petitioner has not been objectively determined to be so mentally disabled as to justify equitable tolling in this matter. Therefore, a certificate of appealability must be denied.

## CONCLUSION

For the above reasons, the Court ADOPTS the Magistrate's Report and Recommendations in whole and OVERRULES Petitioner's Objection. An appropriate Order shall follow.

Date:

cc:     Counsel of Record
        Roy Thomas Stacey III, Kentucky State Reformatory, 3001 W. Hwy. 146, LaGrange, KY 40032